■ DOROTHY H. DALE, Respondent, v. SAMUEL DERDIGER, Appellant, et al., Defendants.— Appeal from an order of the Supreme Court, Sullivan County, denying the defendant-appellant's motion to dismiss the action on the ground that the plaintiff had elected to take workmen's compensation, and from an order denying reargument of the motion to dismiss. The plaintiff was a domestic servant employed by the defendant-appellant. While she was a passenger in his automobile, she was injured as the result of a collision between that automobile and two other automobiles owned and operated by the other defendants. This action in negligence was commenced on August 25, 1953. The amended complaint alleges that the plaintiff was an employee of the defendant-appellant Derdiger and that the injuries arose out of and in the course of her employment but that the defendant-appellant had failed to secure the payment of compensation in accordance with the Workmen's Compensation Law. In this situation, under section 11 of the Workmen's Compensation Law, the plaintiff could at her option maintain a common-law action against the employer or seek compensation benefits. It appears that, after bringing this action, the plaintiff filed a workmen's compensation claim but the record is not clear as to the extent of her participation in the subsequent proceedings. Upon the motion to dismiss this action, the defendant-appellant's attorney did not submit a copy of the proceedings before the Workmen's Compensation Board but asserted by affidavit that an award had been made in the workmen's compensation case. The plaintiff's attorney stated in his reply affidavit that he had requested the compensation referee to hold the claim in abeyance pending the outcome of this action. He asserted, at least by implication, that the award had been entered against the appellant, without the plaintiff's consent and against her wishes. He also asserted that the plaintiff had not received any compensation payments. The defendant-appellant's attorney states in his brief that a part of the compensation claim has been paid but there is nothing in the record to support this. The Special Term denied the motion to dismiss the action but granted the defendant-appellant leave to amend his answer to set up the workmen's compensation proceedings as an affirmative defense, so that the question of whether this action was barred by those proceedings could be tried out. This was a sound disposition of the motion in view of the conflict as to what had taken place in the compensation proceeding. Thereafter, the defendant-appellant amended his answer in accordance with the leave given him but, subsequently, upon discovering that a judgment had been entered by the Attorney-General for the amount of the compensation award, he moved for reargument of the motion to dismiss. This motion was properly denied, since the entry of the judgment, on the motion of the Attorney-General, did not dispose of the question raised upon the original motion as to whether the plaintiff had acquiesced in the making of the award. Orders appealed from unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.